The next matter, number 24-1609, United States v. Ms. Eyal, Fabian, Medina. At this time, would counsel for the appellant please introduce herself on the record to begin? Good morning, and may it please the Court. Jemaisa Drake on behalf of the appellant Ms. Eyal, Fabian, Medina. With the Court's permission, I'd ask to reserve two minutes of rebuttal time. You may. Thank you. The central issue in this case was whether the defendant intended to have sexual relations with an adult or a child. The defense presented evidence that his English comprehension skills were poor, and the first trial ended in a hung jury. As the District Court said, this was a triable case. And that frames the legal issues that we present today. After the defendant was informed of the nature of the charges against him, he said that he never spoke to a minor. This brief statement was made during booking, and it was admitted in evidence. Defendant was told to wait before saying more, even though on the videotape he clearly wanted to. He was told he would have a chance to explain himself during the post-arrest interview. This interview took place about 30 minutes after the defendant was informed of the charges. And at that interview, the defendant disavowed any interest in having sex with a child and said that he thought he was meeting with an adult and not someone underage. And he asked that these post-arrest statements be admitted in evidence as well. The District Court excluded those statements on the theory that too much time had passed between the startling event, which was the defendant being informed of the nature of the charges against him, and his post-arrest statement. Our submission to this Court is that, respectfully, that ruling was wrong. Counsel, you agree that it's an abuse of discretion standard for us to review the District Court's  So I'm trying to understand what exactly you would point to as the abuse of discretion here. You ran, helpfully ran, through the various factors of this test in your brief. And I think even in your brief, you acknowledged that some of the factors may well weigh against your client. And so if you were to zero in on what exactly was the discretionary abuse, what would it be? Yes, Your Honor, two points. This Court's case law frequently reminds us that the abuse of discretion standard is not a monolithic standard. And included within that standard is an evaluation of whether the Court properly applied legal principles. One legal principle that's prevalent in this Court's excited utterance cases is that the passage of time is just one of many factors to consider. It's not dispositive. Do you think that that's what I'm trying to understand? Do you think the Court treated it as dispositive? Because when I read the portion, the relevant portion of the transcript, I'm not sure that I saw that. So I'm curious, is there something you would point to that suggests that she treated it as a bright line rule or in some other way made a legal error in looking at the passage of the time? Yes, Your Honor. So the case law sort of divides the inquiry into three prongs. The Court found in the defendant's favor on the first and the third prong. And we're not really, I don't read the government's brief as really fighting against that. But the only discussion of the second prong that appears on this record is the District Court's conclusion that 30 minutes had passed and that was insufficient. When, as I lay out in the brief, and when you look at the case law around this issue, there are various other points of consideration that are relevant to that second prong. Which is what? Influence of the startling event, right? Correct. So 30 minutes went by, that's clearly relevant, right? Because he had 30 minutes, he had been confronted at the police station with the allegation, he gives an immediate response. Now he has 30 minutes to think about what he now knows is the allegation before he then speaks again. So that's certainly a consideration. What else do you think cuts the other way? Because that, to me, suggests time for reflection. I would say two things about that. First, I agree, of course, that it's relevant. The fact that 30 minutes have passed simply just puts this case on a continuum of other excited utterance cases. Some of those cases involve a shorter lapse of time, some involve a much longer lapse of time. Can you explain why it might be said that that gave time for reflection about what he wanted to say? Right. So that, in my mind, cuts one way. What cuts the other way? Right. So a few things cut in the other direction. The first is that his statements are coming in response to questioning that is occurring during custodial interrogation, which this court and the United States Supreme Court has recognized is inherently stressful. So unlike questioning that occurs in response to... He was given Miranda warnings. He was. He understood he didn't have to do this. He had time to reflect on what to do about those. He chose to waive them consistent with what he said he wanted to do in the beginning, which was to tell his story, and then he told it. Right. So no question he was given Miranda warnings, right? This court's case law is pretty clear that answers in response to questioning alone is not enough to remove statements from the excited utterance exception. Sort of a prototypical example of excited utterance cases is questioning in response to a 911 call. Our position is that custodial interrogation, even with Miranda warnings, is more stressful. We also... The idea of what you just said, I think, is responding to questions, even if not dispositive, is more likely to not be an excited utterance. You're hearing a question, you're thinking about the answer, you're responding, as opposed to, I just saw the car hit the tree. I mean, there's time for reflection and thinking and response and discussion and conversation, and all these things just seem to... None are dispositive, they all seem to run against the idea behind excited utterance. Well, so by comparison, if you were to take one of the cases from this court, Cruz, that was a statement that the declarant made hours after the startling event in response to police questioning. And this court permitted it. The point that I make in my reply brief, or tried to make in my reply brief, is that this exception to the hearsay rule, if you read the cases, if you read a wide variety of the cases, they seem to be so fact-bound that it is hard to distill a legal precedent. Which is your problem, because it goes back to Judge Rickleman's first question, which is, it's an abuse of discretion standard. Well, but it... It didn't break your way, and you'd be saying to the government, well, but now it didn't break your way. So it's hard to see how we get to abuse of discretion. So to complete my answer to Your Honor's earlier question, one of the things I suggested was questioning during custodial interrogation, which I said was stressful, Miranda warnings notwithstanding. You also have, and what the district court found, is that this is a seriously startling event. He's finding out that he's being accused of a highly serious and highly stigmatizing crime. The notion that the shock of that would have abated for anyone, particularly someone who is facing not only consequences in the immediate term to his personal liberty, but also to his ability to stay in this country, we suggest is just simply not accurate. Counsel, I think what I'm struggling with, though, is you're making a persuasive argument for your client, and the judge could have ruled in your favor, but this district court judge ruled against you. And again, under the abuse of discretion standard, you said you were pointing to a legal error, and it seems like your legal error is you think she focused on the time and nothing else. But I was just looking, again, at that part of the transcript, and what the district court says is, you know, I've read all of the briefing materials here. I've looked at them carefully, and they were actually extensive. They raised all the arguments. She makes some rulings in your favor, saying, I'm not going to accept the government's argument that the arrest itself can't be startling. What he learned, the arrest was for, the charge can't be, I mean, she rules in your favor on some issues. She lets in the booking statement, but then she decides in her discretion she's not going to let the other one in. And I'm still trying to understand what exactly you think is the abuse there in that ruling. Yes, Your Honor. I'm happy to answer now or save that answer for the rebuttal. No, please go ahead, and I want to make sure Judge Elliott has a chance. Of course. So I revert to the answer that I gave at the beginning, which I think is my best answer, which is that second prong is a multi-factor test. And the evidence that we have on the record, the articulation of the court's reasoning on this record, is that the delay is what was important to her, when clearly under the case law, what matters in terms of the excited utterance exception is whether someone is still under the, I'll say, influence of the stressful event, not the time. And my question is related to that, that that second prong you write is really about the influence of the event and not a particular time period. But looking at the cases that you cite related to that, especially the Cruz case, could you remind me what was the stressful event in the Cruz case? So it was a domestic violence case, and the stressful event was a physical altercation between the declarant and her, I'll say, partner. So isn't it possible that the judge is weighing the time period appropriate to particular stressful events? I mean, that's what we're looking at under this standard. It's not just a time period. I think time can be a shorthand for a number of different things. I'm just trying to understand, again, what Judge Rickleman was talking about. Is it really a focus on time itself, or is it time in the context of the facts of this case, that under the circumstances of this case, 30 minutes is a significant amount of time given the stressful event in this case, whereas a domestic violence event, a few hours might still be, someone might still be suffering from stress after a few hours? Right. And so, as I was saying to Judge Aframe, in that second prong, the lapse of time is one of many factors. So it is certainly relevant, and to be considered in the context of other factors. But if you look at the Cruz case, if you look at some of the other cases that are cited in the briefing, in particular, Maygard versus Ford Motor Company, you see how a full inquiry If you boil this all down, I've told you what the crime is, and then I give you 30 minutes. And then I say, I'm going to talk to you about the crime. It seems to me what one would do for the 30 minutes is to think about, what is my story going to be that gets me out of this crime, which is exactly what this is, excited utterances are not. Like, I have a motive to do something, and I'm going to think about what's my best story to tell, and that's what we don't want, because that's the kind of unreliable hearsay that we don't want. Well, of course, Your Honor, but then how do you distinguish it from the Cruz case? There's four hours. This domestic violence, we now know the person is a victim because of the jury's verdict, but in that case, this woman had four hours. I mean, the same could be said about an opportunity to fabricate, which is why this is a multi-factor test. We don't mean to suggest that any one factor is controlling. That in fact is what we believe was the abuse of the court's discretion here. Thank you. Thank you. Thank you, counsel. At this time, would counsel for the government please introduce himself on the record? Good morning. Donald Lockhart for the government. May it please the court. So I'd like to briefly touch on the standard of review, setting aside our threshold position that because there was no attempt even to seek the introduction of this evidence at the second trial, it's just utterly unpreserved. Putting that to one side for just a second, I think although abuse of discretion is the sort of overarching standard that applies to an evidentiary question like this, we point out in the brief that actually the district court judge here made a finding under prong two of this exception to the hearsay in 8032 standard that the defendant was not acting quote, under the stress of excitement at the time he made the purported excited utterances. Counsel, where is that finding? I was trying to locate it when I read it in your brief. Do you know where the district court said that? Yes, because the judge has acknowledged that there was a startling event, but the judge focusing mainly on the timing here, which is that a half an hour has lapsed, is basically saying that he's no longer acting for purposes of prong two under the stress of excitement. So we interpret the ruling as being directed to that point even though the judge is not quoting from the rule. That's essentially what she's saying. I guess what I'm asking is, if that's your interpretation, I understand the argument, but is there actually a quote from the district court where it phrases it as a finding? That's what I was wondering. Can you point me to it? No, there's no quote by the district court judge does not quote the rule and cast her ruling as a finding. But it's the- Go to prong two, so therefore we assume she decided on prong two. I get that. Yeah. It's the only natural- What does that have to do with the standard of review? I guess I don't want that to be- Okay. Let me explain. In another hearsay exception context, the co-conspirator rule exception, the finding of the district court that the statement was made in the course of and in furtherance of the conspiracy, per the Cerisi case that we cite in the red brief, is reviewed for clear error. There's no difference. There's no principle difference between that sort of finding and a finding which says that the defendant is not acting under the excitement of- The factual determination that is subject to clear error. That is our position and that is based on an analogy to the Cerisi case, which concerns another hearsay exception. Her point was that that's fine. She talked about time and that's, she may have been right about that's how much time passed, but that she should have considered other factors and that she committed some kind of error by not. That was what I just heard argued.  And so I can shift gears from the standard of review and address the substance of what her claim is. So even though you're pressing, there was a lot of plain error and we're not talking about that now. We're just talking about the use of discretion and clear error? Setting aside our threshold position that the failure of the defense not even to seek the introduction of this evidence at a trial eight months later, setting aside our position that that is just lack of preservation. We are now on abuse of discretion and clear error review. And our point is that there's absolutely no clear error or abuse of discretion here because number one, as the district court pointed out, we're talking about a half hour gap, which is way beyond the typical few seconds or few minutes that is typical for an excited utterance. Number two, we're in a formal interview setting. The defendant's been Mirandized. He's had half an hour now to think about his story and he begins to tell a very self-serving story about how, oh yes, I was actually just intending to have sex with the 43-year-old blonde federal agent I met in the parking lot of the Marriott. So the court has said self-serving statements like that. That's another factor against admission under the excited evidence. Formal questioning, another factor, a strike against the defense. And then the district court notes that it has watched the video of this interview. And so clearly the district court has not just focused on the sheer lapse of time. It's talking about the video, which it says it has watched. And if you look at that video, you see the defendant calmly answering questions over a four minute period without any sort of... Your point is taking all that together and concluding from that that this person was not under the influence of the starting of the event was not a clear error. That's it. That's a factual determination. And that's correct. That is it. That's exactly right. That's our position. Thank you. Thank you, counsel, at this time. Counsel for the appellant, please reintroduce yourself back on the record. You have a two minute rebuttal. Thank you. Jemaisa Drake for Mr. Medina. I guess I'll begin with this notion that what this court should make of the fact that the video, according to the government, depicts the defendant behaving calmly. The defendant's outward demeanor is not any of the factors that this court has ever recognized. And when courts... But you agree, the question is, are we under the influence of a startling event? Do you agree with that? Yes, your honor. And so that has to be decided based on whatever information the district court can gather up to try to figure out, because 30 minutes went by, what you said is relevant, not in your client's favor, maybe not dispositive, but it's these things taken together that have... She has to make a call. Either it is or it isn't. How can it not be relevant to look at someone's demeanor and actions and deciding are they under the influence of a startling event that would usually have certain indicia of behavior? Because as I caution to the court in the reply brief, and as I'll reiterate today, I think it's very dangerous for courts to try and look inside the mind of someone based solely on their outward appearance. Even if this court were to ignore gender differences and to ignore cultural differences, I respectfully submit that judges should not be in the business of articulating how people should appear when they're... Doesn't every day at every court in this country do that, when they watch a witness and they watch how they behave and they have to decide whether they're credible or not? That's what happens. Well, that's what we use juries for, unless it's a jury waived case. It's not. Right. So if the defendant has opted to have a judge play the fact finder role, then that would be appropriate. But the wisdom of our system of using juries is that you get the benefit of many different life experiences. Who decides whether it's hearsay. Yes. So that goes to the government's point about preservation. That is a legal conclusion. There are questions of fact that are bound up in that. So the court, for example, the court's factual determination that 30 minutes lapsed, that would be a factual finding. That also happens to be a factual finding that neither... But isn't it a factual finding of whether or not the statement was made while the declarant is subject to the influence of the event? We believe that that's the ultimate legal conclusion that supports the admission of that statement under the hearsay rule. So we... Yes, it's a mixed question that's all about the facts, right? If I may. Of course. Yes, of course. It's a mixed question, as I was saying. One of the factual, you know, the antecedent factual questions is how much time passed. So the court makes a factual finding about that. The government submits another factual finding as the outward appearance. I have cautioned this court not to engage with that. So there are factual findings implicit along the way, leading up to the ultimate legal conclusion that he's not under the influence of a startling event. And we submit that legal conclusion was an abuse of discretion. Counsel, I have just one more question for you. The government has said that given that the district court did admit the booking statement, that any error, whether it was legal or an abuse of discretion or clearly erroneous factual finding would be harmless here because your client was permitted to get this idea in front of the jury. And ultimately, the jury heard all the evidence that was presented, including the language barriers, which, you know, I can understand why that argument was made, having watched the videos. So what is your response to that, given that you did prevail on one of the issues? Right. So the post-arrest statement, which is outlined in the appendix, and I would direct this court to pages 131 to 132, is not cumulative of the booking statement, which appears in the appendix as Exhibit 33. All the defendant says before he's cut off and told to wait during the booking statement is that he did not communicate with a minor. And as the government says in its brief, that's true. That doesn't really add much because no one was saying that he was communicating with a minor. The salient question, where I led with my presentation today, is what his mental state was. What was he thinking as he was having those communications? And the only place where that is articulated from him at what would have been at the second trial, because he didn't testify there, would have been through those post-arrest statements. But normally an excited utterance is a very short statement, right? And so, you know, again, looking at the interview, I mean, was your position that the entire interview should have been admitted as an excited utterance? So the interview was about four minutes, so it wasn't terribly long. But what the defense really wanted is what appears on pages 131 to 132, which I'm afraid I don't have a time stamp for this court, but was a much more truncated portion of that. Thank you very much. Thank you, counsel. That concludes argument in this case.